UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DANIEL LEE THORNBERRY, | Case No. 1:19-cv-00825-AWI-EPG (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT: 1) THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE THIS CASE; AND 2) ALL OUTSTANDING MOTION(S) BE DENIED AS MOOT |
| v. | |
| HAROLD TATE, | |
| Defendant. | |
| | (ECF No. 43) |
| | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Daniel Lee Thornberry ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. This action is proceeding against defendant Harold Tate ("Defendant") on Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment and on Plaintiff's claim for medical malpractice under state law based on Plaintiff's allegations that Defendant discontinued Plaintiff's pain medication, despite the fact that Plaintiff had a preexisting prescription, and that Defendant had no valid medical justification for discontinuing the pain medication. (ECF Nos. 13 & 17).

On October 8, 2021, Defendant filed a motion for summary judgment. (ECF No. 42). While Defendant appears to admit that he discontinued Plaintiff's Gabapentin, he argues that he is entitled to summary judgment because he did not believe that Gabapentin was medically necessary. (Id. at 7-8). Moreover, Plaintiff repeatedly refused recommended physical therapy before Defendant first saw Plaintiff, and Defendant prescribed other pain medications. (Id. at

1

8).  Accordingly, Defendant argues "that Plaintiff was afforded and received medical care necessary to treat his needs."  (Id.).

Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days, Local Rule 230(l), but did not do so.  Accordingly, the Court ordered Plaintiff to file an opposition or a statement of non-opposition within thirty days.  (ECF No. 43).  The Court warned Plaintiff that if he failed to comply with the order, "in ruling on Defendant's motion for summary judgment the Court may treat the facts asserted by Defendant in his motion for summary judgment as undisputed.  Alternatively, the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with a court order."  (Id. at 2).

Plaintiff's thirty-day deadline has passed, and Plaintiff once again failed to file an opposition or a statement of non-opposition.  Accordingly, the Court will recommend that this action be dismissed, without prejudice, for failure to comply with a court order and to prosecute this case.  The Court will also recommend that all outstanding motion(s) be denied as moot.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'"  Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest….  It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...."  Id.  Here, Plaintiff's repeated failure to respond to Defendant's motion for summary judgment, despite being ordered to do so by the Court, is

consuming the Court's limited time.  It is also delaying resolution of this case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's repeated failure to respond to Defendant's motion for summary judgment that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with a court order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use.  And as it appears that Plaintiff has decided to stop prosecuting this case, excluding evidence would be a meaningless sanction.  Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and to prosecute this case;
2. All outstanding motion(s) be denied as moot; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file

written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 27, 2021**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE